2021 IL App (1st) 191995-U

No. 1-19-1995

Order filed June 30, 2021

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| GREGORY McINNIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 09 D 8736 |
| | ) | |
| KAREN MIDDERHOFF f/k/a McINNIS, | ) | Honorable |
| | ) | Robert W. Johnson, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE SHARON ODEN JOHNSON delivered the judgment of the court.
Presiding Justice Mary Mikva and Justice Maureen Connors concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the trial court's order because the record on appeal is insufficient for review of plaintiff's claim.

¶ 2    Plaintiff Gregory McInnis appeals *pro se* from the circuit court's order requiring him, pursuant to the judgment for dissolution of his marriage to defendant Karen Midderhoff, to pay college expenses for two of the couple's children.[1] On appeal, plaintiff argues that the trial court

---

[1] In the record, Karen Midderhoff is also identified as Karen McInnis.

erred by 1) incorrectly determining the amount of college expenses owed 2) not determining the correct amount of overpayment of involuntary child support through February 2020, and 3) only calculating the involuntary payment of child support October 2014 to October 2017. For the following reasons, we affirm.

¶ 3     Plaintiff and defendant were married on October 1, 1994, and had three children together. On September 18, 2009, defendant filed a petition for dissolution of marriage. On May 11, 2010, the trial court entered a judgment for dissolution of marriage. The order included provisions for plaintiff to pay for "one-half of the trade, vocation, or college or university education" of their children.

¶ 4     On February 19, 2019, plaintiff moved for termination of child support and determination of overpayment. That same day, defendant filed a petition for a rule to show cause, requesting that the court order plaintiff to pay his share of two of their children's college expenses.

¶ 5     On September 3, 2019, the trial court ordered plaintiff to pay $23,751.78 for college expenses. The court also ordered that plaintiff receive a credit for unspecified "overpayment in support" totaling $23,105.62 from October 2014 to October 2017. There is no report of proceedings for this date in the record on appeal. Plaintiff filed a timely notice of appeal.

¶ 6     On May 11, 2021, this court entered an order taking the case on plaintiff's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 7     On appeal, plaintiff argues that the trial court incorrectly computed the college expenses he owed in its September 3, 2019, order.

¶ 8     As an initial matter, we note that plaintiff's brief does not comply with the requirements of Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020). Specifically, the brief lacks a statement of

jurisdiction, a statement of facts with citation to the record, or citation to legal authority. See Ill. S. Ct. R. 341(h)(4), (6), (7) (eff. Oct. 1, 2020). Plaintiff's *pro se* status does not relieve him of his duty to comply with this rule, and his appeal may be dismissed for these failures alone. See *Epstein v. Davis*, 2017 IL App (1st) 170605, ¶ 22. Based on plaintiff's attempt to use the proper appellate court form for his brief, however, we choose not to dismiss on this basis. *Id.*

¶ 9       Notwithstanding, plaintiff's appeal fails because the record on appeal is insufficient for this court to evaluate his claim. An appellant must provide the reviewing court with an adequate record on appeal. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). In the absence of an adequate record, the reviewing court must presume the "order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id.* at 392.

¶ 10      Plaintiff challenges the trial court's order entered after a proceeding on September 3, 2019, but provides no report of proceedings for that date. Without this report, or an adequate substitute such as a bystander's report or agreed statement of facts (see Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017)), this court cannot assess plaintiff's claim that the trial court erred in calculating the college costs he owes, nor can we determine whether plaintiff properly preserved this issue for appeal. Accordingly, pursuant to *Foutch*, we must presume that the trial court's decision was proper, and affirm the trial court's order.

¶ 11      For the foregoing reasons, the trial court's order is affirmed.

¶ 12      Affirmed.